IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITES STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 22-381 |
| : | |
| VICTOR ORTIZ : | |

**SURRICK, J.**                                                                                                                                   **FEBRUARY 10, 2025**

### MEMORANDUM

On September 6, 2024 a jury found Defendant Victor Ortiz guilty of stalking. He was acquitted of assault of a federal employee. Presently before the Court is Defendant's Motion for a New Trial Under Federal Rule of Criminal Procedure 33, (ECF No. 113), which was filed on December 19, 2024 and fully briefed as of January 24, 2025. Defendant argues that he is entitled to a new trial because the Court failed to properly instruct the jury on the charge of stalking. Defendant further contends that the jury instruction error prejudiced him and constituted a constructive amendment of the indictment, such that he is entitled to a new trial. For the following reasons, Defendant's Motion will be denied.

**I.    BACKGROUND**

On October 27, 2022, a grand jury returned an indictment charging Defendant with one count of stalking, in violation of 18 U.S.C. §§ 2261A(2)(A), (B), and 2261(b)(2), (3) (Count I) and one count of assault on a federal employee, in violation of 18 U.S.C. § 111(a)(1), (b) (Count II). (*See* Indictment, ECF No. 1.) Count I of the Indictment stated that Mr. Ortiz:

> with the intent to injure, harass, intimidate, and place under surveillance with the intent to injure, harass and intimidate, … used an interactive computer service, an electronic communication service, an electronic communication system of interstate

1

> commerce, and a facility of interstate and foreign commerce to engage in a course of conduct that placed [individual] in reasonable fear of death and serious bodily injury and caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to [individual], *and that the defendant caused permanent disfigurement and serious bodily injury and used a dangerous weapon.*

(*Id.* (emphasis added).)

Ortiz proceeded to trial on September 3, 2024. After the close of all evidence, the Court held a charging conference, during which Defendant objected to the Court using the Fifth Circuit's model jury instruction on stalking, which the Government had proposed. (*See* Charge Conf. Tr., ECF No. 98, at 9:17-11:17.) Defendant preferred the Eighth Circuit's model instruction, the accompanying comments to which suggest "that the offense has a fourth element" in certain circumstances, which Defendant characterized as a "resulting harm" element. (*See id.*) After considering this objection and the Government's response, the Court proceeded with the Fifth Circuit's instruction on stalking and charged the jury with respect to Count I:

> For you to find Mr. Ortiz guilty, the Government must prove each of the following three elements beyond a reasonable doubt:
>
> First, the Government must prove that Mr. Ortiz used the mail, any interactive computer service or electronic communications service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce. And I instruct you as a matter of law that a GPS device is a facility of interstate commerce.
>
> Second, the Government must prove that Mr. Ortiz did so with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person.
>
> Third, the Government must prove that through the use of the mail, computer, interactive service, electronic communication service or system, or other facility of interstate or foreign commerce, system, or other facility of interstate or foreign commerce, Mr. Ortiz engaged in a course of conduct that placed another person in reasonable fear of death or serious bodily injury; or caused or

2

> attempted to cause, or would be reasonably expected to cause substantial emotional distress to that person…

(*See* Jury Instructions Tr., ECF No. 102, at 23:3-24-9.)  The Court further instructed that, if the Government proved these three elements, then they would need to answer the following special interrogatories:

- **<u>Interrogatory No. 1</u>:**  Do you unanimously find that the conduct of defendant Victor Ortiz resulted in serious bodily injury to the victim?
- **<u>Interrogatory No. 2</u>:**  Do you unanimously find that the defendant Victor Ortiz used a dangerous weapon during the offense?
- **<u>Interrogatory No. 3</u>:**  Do you unanimously find that the conduct of defendant Victor Ortiz resulted in the permanent disfigurement of the victim?

(*See* Jury Verdict Form, ECF No. 90.)  On Friday, September 6, 2024, the jury returned a verdict of guilty on the charge for stalking (Count I), and responded "Yes" to each of the special interrogatories.  (*Id.*)  With respect to Count II, the jury found Defendant not guilty of assault of a federal officer.  (*Id.*)

On September 16, 2024, Ortiz filed Motions for Acquittal and New Trial under Federal Rules of Criminal Procedure 29(c) and 33.  (ECF No. 95.)  Defendant has withdrawn his Motion with regard to acquittal under Rule 29, (*see* Def. Mem., ECF No. 113, 3 n.1), and proceeds only with his Motion for a New Trial Under Rule 33, which was filed on December 19, 2024, and fully briefed as of January 24, 2025.

## II.     LEGAL STANDARD

Under Federal Rule of Criminal Procedure 33, a court "may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  "Unlike an insufficiency of the evidence claim, when a district court evaluates a Rule 33 motion it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case."  *United States v. Silveus*, 542 F.3d 993, 1004 (3d Cir. 2008).  "Although the

standard of review for a motion for a new trial is broader than [a motion] for acquittal, motions for new trials are disfavored and are only granted with great caution and at the discretion of the trial court." *United States v. Martinez*, 69 F. App'x 513, 516 (3d Cir. 2003). A new trial is warranted only if "there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002) (citations omitted). Rule 33 allows a court to grant a new trial to cure errors in jury instructions "if they constitute errors of sufficient magnitude." *See United States v. Brown*, No. 90-144-3, 1991 WL 7378, at *4 (E.D. Pa. Jan. 22, 1991) ("Other grounds for granting a new trial, if they constitute errors of sufficient magnitude, may include…erroneous jury instructions.").

### III.    DISCUSSION

Defendant's Motion presents three arguments, each of which is based on the Court's jury instruction as to Count I for stalking: first, that conduct referenced in the Indictment was not included as an element of the stalking instruction; second, that the language in the special interrogatories suggested a broader causation standard than charged in the Indictment; and third, that the Court failed to instruct what burden of proof applied to the special interrogatories. For the following reasons, none of Defendant's arguments warrant a new trial.

### A.    It Was Not Error to Permit the Jury to Convict Defendant of Stalking Based on Three Elements.

Defendant argues that the Court constructively amended the Indictment by permitting a conviction on stalking without requiring the jury to find that all conduct referenced in the Indictment occurred. (New Trial Mem., ECF No. 113, at 6-13.) "A constructive amendment occurs where the evidence and jury instructions at trial modify essential terms of the charged offense" such that there is a "substantial likelihood" that the jury convicted the defendant for an offense different from that charged in the indictment. *United States v. Fallon*, 61 F.4th 95, 111

4

(3d Cir. 2023) (citations omitted). Here, Defendant notes that the Indictment includes language "*that the defendant caused permanent disfigurement and serious bodily injury and used a dangerous weapon*." (New Trial Mem., at 2.) Defendant contends that the Court erred because it did not characterize this conduct as an essential element of stalking. (*Id.* at 2, 6-7.) According to Defendant, it was not sufficient for the Court to address this aspect of the Indictment through the submission of special interrogatories, and Defendant cites the Eighth Circuit's model instruction on stalking in support. (*See* Def. Reply, ECF No. 118, at 1-3.)

The Government responds that it was appropriate to instruct the jury that the crime of stalking had three elements because the additional conduct referenced in the Indictment relates to sentencing enhancement factors, not essential elements. (Gov. Opp., ECF No. 16, at 9-10.) Based on the structure of the statute, the Government argues that the submission of special interrogatories was necessary for the Court to determine the applicable statutory maximum in this case. (*Id.*) The Government further argues that, since Fed. R. Crim. P. 31(c) states that a defendant may be found guilty of "an offense necessarily included in the offense charged," it is not error to omit sentencing enhancements from the list of essential elements for a conviction. (*Id.*)

We agree with the Government. Based on the statutory language, the references in the Indictment to "caus[ing] permanent disfigurement," causing "serious bodily injury," and "usi[ng] a dangerous weapon" did not refer to elements of stalking but rather to sentencing enhancements. *See* 18 U.S.C. § 2261A (setting out three elements for crime of stalking); *see also* 18 U.S.C. § 2261(b) (setting forth factors that increase the statutory maximum, including "if serious bodily injury to the victim results," if the "offender uses a dangerous weapon," and "if permanent disfigurement or life threatening bodily injury to the victim results"). Consistent with the plain language in 18 U.S.C. § 2261A, the Court's instruction properly permitted the jury to convict

5

Defendant of stalking based on three elements. *See* 18 U.S.C. § 2261A; *see also U.S. v. Casile*, No. 09-668, 2011 WL 1755701, at *4 (E.D. Pa. 2011) ("The plain language [of 18 U.S.C. § 2261A] contradicts Casile's argument that the Government was required to prove more than the basic three elements listed").

Even if Defendant could characterize the sentencing enhancement provisions as constituting additional elements, the crime of stalking would have been included in the charged offense, and Fed. R. Crim. P. 31(c) does not require a specific indictment for a lesser included offense. *See Government of Virgin Islands v. Aquino,* 378 F.2d 540, 554 (3d Cir. 1967) ("[T]here may be a conviction of a crime which is necessarily included within the higher offense charged."); *see also United States v. Fellows*, 50 F. App'x 82, 83 (3d Cir. 2002) ("The crime of attempted unlawful reentry does not require proof of any elements in addition to those required for the consummated act of unlawful reentry.  Therefore, the government did not have to specifically indict for an attempt to convict Fellows of this lesser included offense.") (citing *United States v. Dhinsa*, 243 F.3d 635, 674 (2d Cir. 2001)).  In other words, here, the jury's guilty verdict as to the three elements of stalking was sufficient to convict Ortiz of that offense, regardless of how the jury answered the subsequent sentence enhancement interrogatories.

We therefore find that the Court's instruction to the jury that the crime of stalking consists of three elements was proper, and Defendant is not entitled to a new trial on this basis. *See United States v. Anthony*, 458 Fed. Appx. 215 (3d Cir. 2012) (rejecting argument that instructing the jury on lesser included offense in charged conduct constituted a constructive amendment).

    **B.**    **The Phrasing of the Special Interrogatories Did Not Mislead the Jury.**

Defendant argues that, due to the wording of the special interrogatories, "the jury did not have to consider whether it was Mr. Ortiz himself who caused the serious bodily injury to the

victim … but rather whether Mr. Ortiz's conduct resulted in the victim's serious bodily injury." (New Trial Mem, at 9.) According to Defendant, there is a "distinct and dispositive difference" between the term "caused" and the phrase "resulted in." (*Id.*) For support, Defendant points to the jury's acquittal for assault of a federal officer and speculates that this indicates a determination that the "government failed to prove beyond a reasonable doubt that Mr. Ortiz assaulted the victim."[1] (*Id.*)

The Government argues in opposition that the special interrogatories "precisely track the language of Section 2261(b), which increases the maximum penalty if a defendant's conduct 'results' in either 'permanent disfigurement' or 'serious bodily injury.'" (Gov. Opp., at 11.) In addition, the Government contends that "[t]he Third Circuit has held that the term 'resulted, as used in Section 2261(b) is synonymous with the term 'caused.'" (*See id.* at 11-12); *see also United States v. Gonzalez*, 905 F.3d 165, 187-190 (3d Cir. 2018).

Here, the Government is correct that "resulted in" essentially mirrors the "permanent disfigurement … results" and "serious bodily injury … results" language from 18 U.S.C. § 2261(b). Moreover, the Court further instructed the jury that "resulted in" meant both that "the injury and/or disfigurement would not have occurred in the absence of Mr. Ortiz's conduct," and that "the injury was a reasonably foreseeable result…" (Jury Instructions Tr., at 24:16-21.) This instruction closely tracks the Third Circuit's guidance in *Gonzalez*. There, the Third Circuit found that a district court's explanatory instruction regarding the "death results" language in 18 U.S.C. § 2261(b) was appropriate where the instruction explained that the term encompassed the concepts

---

[1] Relatedly, Defendant suggests that the Government conceded that Defendant "had to have been the one to assault the victim" to be convicted under Count I. (New Trial Mem., at 8.) However, the Government made the referenced statement in the context of an email regarding pretrial plea discussions. (*See id.*) The Court declines to construe the pretrial statement as a concession or waiver for purposes of the present Motion.

of "actual cause" and "proximate cause." *See United States v. Gonzalez*, 905 F.3d at 189-90 (finding "would not have occurred in the absence of" language addressed actual cause and noting that proximate cause is typically explained "in terms of foreseeability"). Therefore, we find that the "resulted in" language used in the special interrogatories for Count I and the Court's accompanying guidance did not constitute error.

Moreover, the jury's acquittal with regard to assault of a federal officer (Count II) is not inconsistent with this conclusion. Defendant argues that the jury's verdict on Count II reflected a determination that "Mr. Ortiz did not assault or inflict bodily harm on the victim[.]" (New Trial Mem., at 12.) The Government responds that Count II required proof "beyond a reasonable doubt that the victim was … a federal officer acting in the course of her duty at the time of the attack[,]" which the jury did not need to find in answering "yes" to the special interrogatories.[2] (Gov. Opp., at 8.) Notwithstanding Defendant's speculation, while the Court cannot be sure as to the precise reasons for the jury's not guilty verdict on Count II, the verdicts are reconcilable, and a new trial is not warranted on this basis.[3]

---

[2] In Reply, Defendant concedes that the parties cannot be sure as to why the jury acquitted Ortiz of Count II. (*See* Def. Reply, at 5.)

[3] Even if the verdicts were inconsistent, under Third Circuit precedent our review would be limited to whether there was sufficient evidence to sustain the guilty verdict, which Defendant does not contest. *See United States v. Vastola*, 989 F.2d 1318, 1331 (3d Cir. 1993) (explaining that "[w]here there has been an inconsistent verdict, the criminal defendant is protected against jury irrationality and error by a review of the sufficiency of the evidence" and explaining that "we will not reverse a conviction based on speculations about the jury's rational deliberation process").

### C.   The Court Properly Instructed the Jury as to the Burden of Proof.

Defendant argues that the Court "failed to properly instruct the jury on any burden of proof the jury should have applied when answering the interrogatories."[4] (Def. Reply, at 3.)  On this point, the Court reviews Defendant's contention for plain error.

"Federal Rule of Criminal Procedure 30(d) requires a party to object to the court's failure to give a requested instruction by informing the court of the specific objection and the grounds for the objection before the jury retires to deliberate." *See United States v. Adigun*, 998 F. Supp. 2d 356, 368 (M.D. Pa. 2014).  Since Defendant did not raise this objection prior to the jury's deliberations, we review Defendant's challenge for plain error.[5]  *See, e.g., United States v. Smith*, No. 10-cr-489-2, 2014 WL 3765316, at *4 (E.D. Pa. July 31, 2014)* ("Because Smith did not object to this instruction at trial, any error is subject to plain error review under Federal Rule of Criminal Procedure 52(b)."); *see also United States v. Tiller*, 302 F.3d 98, 105 (3d Cir. 2002) (noting "[f]ailure to object at trial, absent plain error, constitutes a waiver of the issue for post-trial purposes.").  To establish plain error, Defendant must show (1) the court erred; (2) the error was obvious under the law at the time of review; and (3) the error affected Defendant's substantial rights.  *Johnson v. United States*, 520 U.S. 461, 467 (1997).

Defendant argues that the Court failed to instruct the jury on what burden of proof to apply to the three special interrogatories.  (Def. Reply at 3-4.)  For support, Defendant cites *United States v. Stanford*, where the Fifth Circuit found that the district court's failure to specify what burden of

---

[4] Defendant first raised this argument in his Reply.

[5] Although Defendant argues that plain error should not apply since "he objected to the overall instructions" during the charge conference, (ECF No. 118, 5), this argument is inconsistent with Federal Rule of Criminal Procedure 30(d)'s requirement that a party objecting to instructions "must inform the court of the *specific objection* and the grounds for the objection." *See United States v. Jake*, 281 F.3d 123, 130 (3d Cir. 2002) (explaining in the context of Fed. R. Crim. P. 30(d) that an objection must be "sufficiently precise to allow the trial court to address the concerns raised in the objection.").

proof applied to a special interrogatory was not a harmless error. 823 F.3d 814, 833 (5th Cir. 2016); (*see also* Def. Reply at 3-4.) Defendant also suggests that the error is further exacerbated by the Third Circuit's "general[] disfavor[]" towards special interrogatories. (*Id.* at 3-4.)

In response, the Government contends that the jury instructions were proper since the Court stated that the Government "has the burden of proving every element … beyond a reasonable doubt"; that the jury must be satisfied "beyond a reasonable doubt based upon all of the evidence in the case that Mr. Ortiz is the person who committed the crime charged"; and elsewhere repeated to the jury that it must make its findings beyond a reasonable doubt. (*See* Gov. Sur-reply, ECF No. 119, at 3; *see also* Jury Instructions Tr., at 15:7-19.) In addition, the Government argues that *Stanford* is inapposite, (Gov. Sur-reply, at 4), and that the special interrogatories were appropriate and helpful for the Court to determine the applicable maximum sentence (Gov. Opp., at 10).

Since the Court repeated that the standard of proof was beyond a reasonable doubt throughout the instructions, it did not need to offer another instruction specifically stating that the same standard also applied to the special interrogatories. "When reviewing a jury instruction for plain error, the 'analysis must focus initially on the specific language challenged, but must consider that language as part of a whole.'" *United States v. Gambone*, 314 F.3d 163, 183 (3d Cir. 2003) (citing *United States v. Gordon*, 290 F.3d 539, 545 (3d Cir.2002)).

Here, the Court repeatedly instructed the jury that the burden of proof for every offense was proof beyond a reasonable doubt. (*See, e.g.*, Jury Instructions Tr., at 20:20-22 ("Mr. Ortiz may not be convicted based upon suspicion or conjecture, but only on evidence proving guilt[] beyond a reasonable doubt."); *id.* at 22:14-19 ("[Y]ou must return a separate verdict for each offense. For each offense charged, you must decide whether the Government has proven beyond a reasonable doubt that Mr. Ortiz is guilty of that particular offense."); *id.* at 21:9-15, 29:5-9.)

More generally, the submission of special interrogatories to the jury was proper in this context. Although the Third Circuit has expressed disfavor towards special interrogatories in certain contexts, it has also found that "there are circumstances where the use of special findings may be necessary," including "where a determination of certain facts will be crucial to the sentence...." *United States v. Desmond*, 670 F.2d 414, 418 (3d Cir.1982). Here, due to the structure of 18 U.S.C. § 2261(b), special interrogatories were necessary to determine the maximum sentence.

Turning to Plaintiff's reference to the Fifth Circuit's decision in *Stanford*, that case is not binding on this Court and is distinguishable in material ways. There, the Court instructed the jury that a special interrogatory was "unrelated to [its] answers to the other charges in the indictment"; that the interrogatory was "separate and apart from the other questions listed above on the jury form"; and that the "sole purpose" of the interrogatory was "to assist the Court." *Stanford*, 823 F.3d at 828. Given these instructions, the Fifth Circuit found that the jury may not have applied the correct standard of proof. *Id.* at 834. Here, however, the Court instructed the jury on the special interrogatories immediately after instructing on the three elements for stalking, linking them together. (*See* Jury Instructions Tr., at 23:3-24:15.) Unlike the *Stanford* court, this Court did not provide instructions suggesting that the special interrogatories were in any way separate from the other parts of the verdict form. (*See id.*)

Finally, even if there was error, Defendant has not established the second and third prongs of plain error analysis—*i.e.*, that the error was "plain" and affected Defendant's substantial rights. *See United States v. Fritz*, 643 F. App'x 192, 195 (3d Cir. 2016) ("an error is 'plain' where the decisional law on which it is based was on the books well before the error occurred and its applicability to the case at hand [was] obvious.") (citations omitted); *see also United States v.*

11

*Woods*, 793 F App'x 94, 97(3d Cir. 2020) (finding that to show an error affected a defendant's substantial rights, "a defendant ordinarily must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different.") (citations omitted). For these reasons, submitting the special interrogatories without specifically referencing the applicable burden of proof was not plain error.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion for a New Trial Under Federal Rule of Criminal Procedure 33 will be denied. An appropriate Order follows.


BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**